

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA**

DEC 0 6 2022

BONNIE HACKLER
Clerk, U.S. District Court

By_____

Deputy Clerk

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| v. | **Case No. CR-21-311-BMJ** |
| **EUGENE LEE DOZIER** | |
| *Defendant.* | |

**PLEA AGREEMENT**

PARTIES

This plea agreement is entered into by and between the United States, by and through the

United States Attorney for the Eastern District of Oklahoma and the above-captioned defendant.

## I. THE PLEA

DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the

following charges in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|---|---|---|
| 2 | Transferring a Firearm to an Out-of-State Resident | 18 U.S.C. §§ 922(a)(5) & 942(a)(1)(D) |

as set forth in the Second Superseding Indictment.  At the time the guilty plea is entered, the

defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in

the Indictment.

MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for Transferring a Firearm

to an Out-of-State Resident is imprisonment for a period of five years and/or a fine of $250,000.00,

Defendant Initials ___ED___          Page **1** of **13**

a term of supervised release to be determined by the Court, and a special assessment in the amount of $100.00.   The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

## DISMISSAL

At the time of sentencing on the count(s) set forth above, the United States agrees to move for dismissal of any remaining counts pending against the defendant and to move for dismissal of the Indictment if the defendant is entering a plea to an Information herein.

## FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

On August 21, 2021, I, Eugene Lee Dozier, willfully transferred and sold a firearm, specifically, a Taurus G3 9mm Pistol bearing serial number ACH115995, to another person.  At the time of the transfer and sale, I was not licensed to deal, import, manufacture, or collect firearms. At the time of the transfer and sale, the person I transferred the firearm to was not licensed to deal, import, manufacture, or collect firearms.   At the time of the transfer and sale, I resided in Oklahoma.  At the time of the transfer and sale, I knew the person I transferred and sold the firearm to resided in California.  The transfer and sale of the firearm occurred within the Eastern District of Oklahoma.

The defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any

inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES (TAX CHARGES EXCLUDED)

The United States Attorney's Office for the Eastern District of Oklahoma agrees that it will not bring any other criminal charges against the defendant which are known to the United States Attorney's Office for the Eastern District of Oklahoma as of the date of this agreement. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offense(s).

### COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state or local district, jurisdiction or law enforcement agency.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

Defendant Initials _ƐⱭ___          Page 3 of 13

## FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

      a.     the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

      b.     the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

      c.     the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

      d.     the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

      e.     the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant;

      f.     the defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

      g.     the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

## WAIVER OF "DEPARTURE" AND "VARIANCE" RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

      a.    the defendant waives the right to request, recommend, or file a "departure" motion with the U.S. Probation Office or Court recommending a sentence below the Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

      b.    the defendant waives the right to request, recommend, or file a "variance" motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

The defendant has been represented by counsel, and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant's trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

_____

EUGENE LEE DOZIER

_10-27-2022_____
Date Signed

# IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

## WITHDRAWAL OF PLEA

If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any plea should the Court decline to follow any recommendations by any of the parties to this agreement.

## BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

      a.    the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);

      b.    the United States will be free to make any recommendations to the Court regarding sentencing in this case;

      c.    any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and

      d.    the United States will be free to bring any other charges it has against the defendant.

## RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

# V. CRIME VICTIMS' RIGHTS ACT PROVISIONS

## CRIME VICTIMS' RIGHTS ACT (18 U.S.C. § 3771)

Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771) and the regulations promulgated under the Act by the Attorney General of the United States, the defendant understands that a crime victim has the following rights:

Defendant Initials _ED_             **Page 6 of 13**

a.    The right to be reasonably protected from the accused.

b.    The right to reasonable, accurate, and timely notice of any public court proceeding, involving the crime or of any release or escape of the accused.

c.    The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at the proceeding.

d.    The right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. The defendant understands that the victim's comments and recommendations may be different from those of the parties to this agreement.

e.    The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations may be different from those presented by the United States.

f.    The right to full and timely restitution as provided by law, including, but not limited to, restitution for property loss, personal injury or death.

g.    The right to proceedings free from unreasonable delay.

h.    The right to be treated with fairness and with respect for the victim's dignity and privacy.

The definition of "crime victim" under the Crime Victims' Rights is a person directly and proximately harmed as a result of the commission of a Federal offense. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights. In no event, shall the defendant be named as such guardian or representative.

## VI.  PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The

United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

SENTENCING RECOMMENDATION(S)

*Acceptance of Responsibility and Third Point Motion*

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but also clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1.

## VII. FINANCIAL OBLIGATIONS

FINANCIAL DISCLOSURES

The defendant agrees to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete a Financial Disclosure Statement no later than the date of the change of plea hearing, signed under penalty of perjury and provide the same to the United States Attorney's Office and the United States Probation Office. The defendant further agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the change of circumstances. The parties agree that the defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute a failure of the defendant to accept responsibility pursuant to U.S.S.G. § 3E1.1.

The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant. The defendant further agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and financial information held by the United State Probation Office.

The defendant agrees to submit to an examination under oath and/or a polygraph examination by an examiner selected by the United States Attorney's Office, on the issue of the defendant's assets and financial disclosures.

The defendant agrees to notify the Asset Recovery Unit (ARU) of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1000.00 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships or corporations.

<u>FORFEITURE</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture which are in the possession or control of the defendant or defendant's nominees. Such assets to be forfeited may include cash, stocks, bonds, certificates of deposit, personal property and real estate. The assets to be forfeited shall specifically include the firearms identified in the Second Superseding Indictment:

- One (1) Taurus G3 9 mm Pistol bearing serial number ACH115995;
- One (1) firearm silencer bearing markings: ML25LT 3CLE200383511 Freedom Engineering ½ to LED C Mag;
- One (1) firearm silencer described as a non-ferrous metal cylindrical device with black finish on the exterior measuring approximately 9-3/4 inches in length and containing a monocore baffle and not identified by a serial number (ATF Exhibit 10);
- One (1) firearm silencer described as a non-ferrous metal cylindrical device with black finish on the exterior measuring approximately 9-3/4 inches in length and containing a monocore baffle and not identified by a serial number (ATF Exhibit 36A);

- One (1) firearm silencer described as a non-ferrous metal cylindrical device that is silver in color measuring approximately 9-7/8 inches and not identified by a serial number;
- One (1) firearm silencer described as a set of six firearm baffles, silver in color, made from an aluminum material measuring 1-1/8 inches in length and not identified by a serial number;
- One (1) firearm silencer described as a cylindrical device, silver in color measuring approximately 9-5/8 inches in length containing an outer body and a monocore baffle which incorporates integral front and rear end-caps and not identified by a serial number (ATF exhibit 40);
- One (1) Aero Precision, Model X15, serial number X390376;
- One (1) Unknown Mfg, Unknown model, serial number RX6626;
- One (1) Taurus, Model G3, serial number ACH116328;
- One (1) Taurus, Model G3, serial number ACH115995;
- Fifty (50) rounds Sellier and Bellot 9mm ammunition;
- Fifty (50) rounds Sellier and Bellot 9mm ammunition;
- Four (4) rounds .300 Win Mag ammunition; and
- Twenty (20) rounds 7.65mm PPU ammunition.

The defendant further agrees to fully assist the United States in the recovery and return to the United States of any assets or portions thereof as described above wherever located. The defendant further agrees to make a full and complete disclosure of all assets over which he or she exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets if it is deemed necessary by the United States. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps which will facilitate the passing or are necessary to pass clear title to the United States. These steps include but are not limited to the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents which may facilitate or are necessary to effectuate such transfers. The defendant agrees not to object to any civil forfeiture brought against these properties by the United States or any agency thereof.

## VIII.  OTHER TERMS

### REASONS FOR AGREEMENT

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

### COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein.  The subject headings herein are for convenience only and are not part of this plea agreement.  This document sets forth the complete and only terms of the plea agreement between the United States Attorney for the Eastern District of Oklahoma and the defendant in this case, and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma and the defendant.    This written agreements supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

## TIME LIMIT

The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., October 14, 2022. Otherwise, the invitation to offer shall be deemed withdrawn.

## SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma until this agreement is signed by the defendant, defense counsel and the United States Attorney, or his authorized representative.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement and plea supplement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

10-27-2022
Date

_Eugene Lee Dozier_
EUGENE LEE DOZIER
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

10-27-2022
Date

_Roger Hilfiger_
ROGER HILFIGER
Counsel for Defendant

On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma, I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

CHRISTOPHER J. WILSON
Acting United States Attorney

11/28/2022
Date

_signature_ For

Defendant Initials _ED_        Page **12** of 13

Date                                    JARROD LEAMAN
                                        Assistant United States Attorney
                                        520 Denison Avenue
                                        Muskogee, OK 74401
                                        (918) 684-5100
                                        (918) 684-5101 (fax)