# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>            Plaintiff,    )<br>                                                       )<br>v.                                                    )<br>                                                       )<br>EUGENE LEE DOZIER,                  )<br>            Defendant.   ) | **Case No.  CR-21-311-BMJ** |

<u>DEFENDANT'S  SENTENCING MEMORANDUM</u>
and
<u>OBJECTION TO PSIR CALCULATIONS</u>

Defendant, Eugene Lee Dozier, through his undersigned counsel, submits this sentencing memorandum including an Objection to certain PSIR Calculations to aid the Court in its sentencing of the Defendant set for November 27, 2023  at 11:30 a.m., in Oklahoma City, in the Western District Courthouse, and in support thereof would state as follows:

1. This sentencing is pursuant to a plea of guilty on December 26, 2022,  to one count of a Second Superseding Indictment, which Count Two charged Transferring a Firearm to an Out-of-State Resident in violation of 18 U.S.C. §922(a)(5 and §924(a)(1)(D), which was also the same charge as in the initial Complaint filed, and made up Count 2 of the original Indictment of this case.

2. This essence of this case deals with Defendant's selling of a firearm to an undercover agent on August 21, 2021, in Muskogee, Oklahoma, at a gun show.  The Defendant lawfully possessed this firearm and another firearm also sold on the same day to another undercover agent, but he did not have a license to sell firearms.

OBJECTION TO CERTAIN PSIR CALCULATIONS

3. The PSIR at ¶42 found the Base Offense Level for an 18 U.S.C. §922(a)(5) offense under USSG §2K2.1(a)(7) to be 12. Dozier agrees with this determination. However, in ¶43 the PSIR finds a specific offense characteristic under USSG 2K2.1(b)(1)(B) to increase this level by +4 based on a determination that this offense involved at least 8 but not more that 24 firearms, with a determination that the Dozier illegally transferred or possessed at least eleven firearms in this case. Dozier does not agree with this determination. Dozier states that given the essence of these charges, he should, at most, only be given an increase +2 based on a possible determination that this offense (sale of firearms) involved only two Taurus pistols sold to two undercover agents and an order for one suppressor that was taken, but not received, for the range of 3 to 7 firearms, or to include only the sale of the two Taurus pistols which would not result in any specific offense characteristic requiring any level increase.

Under the Application notes, "Note 5. Application of Subsection (b)(1) – For purposes of calculating the number of firearms under subsection (b)(1), *count only those firearms that were . . . unlawfully possessed, or unlawfully distributed . . . .*" (Emphasis added). Remembering that the essence of the charge was the "unlawful distribution" that dealt with only the one Taurus sold to an out-of-state individual, but even to include the second Taurus sold to the other undercover agent would not put Defendant in a specific offense characteristic increasing his base level.

The number of firearms that PSIR considered dealt with a finding of "firearms" on a later date, September 2, 2021, at a different place, Defendant's residence in Pittsburg County, and those firearms were not unlawfully possessed or distributed. They were found in his

possession, and a number of them were considered by the government as illegal suppressors, but which Defendant maintains were legal solvent traps. In any event, what was found by the search warrant at the Defendant's Pittsburg County property was in no way connected to the essence of the charge that Defendant admitted and pled guilty to, that of transferring a firearm to an out-of-state resident.

Taking the above into consideration, the Adjusted Offense Level ¶47 should be 12, and Acceptance of Responsibility ¶49 would only be -2, resulting in a Total Offense Level ¶50 of 10. In the alternative, if you take into account the illegal transactions on the date of this charge (+2), the Adjusted Offense Level ¶47 should be 14, and Acceptance of Responsibility ¶49 would still only be -2, for a Total Offense Level ¶50 of 12. The Defendant maintains that with the correct PSIR calculations, he should be Offense Level 10, which is in Zone B, with a Guideline Range of 6-12 months, which allows for probation, or in the alternative, with an Offense Level 12, which is in Zone C, with a Guideline Range of 10-16 months.

SENTENCING MEMORANDUM

4. Dozier has affirmatively showed his acceptance of responsibility by his cooperation by entering his plea of guilty.

5. This incident has made a dramatic change in Eugene Lee Dozier's life. While he has not been incarcerated for any great length of time (approximately 10 days), he has been on bond maintaining contact with his pre-trial probation officer, and maintaining employment, and generally following all State, Federal, and local laws.

6. Eugene Lee Dozier has been working as a truck driver for most of his adult life. Prior to his arrest in this case he was employed as a truck driver by Tri-State Motor Transit as a government contractor taking and making deliveries to Army Ammunition Plant in

McAlester, Oklahoma. For this job he is required to have a security clearance, which will be terminated upon a conviction in this case. He still has the possibility to remain on with his employer after conviction in this matter, but will lose that employment should he be incarcerated.

7. Eugene Lee Dozier would intend to request probation should the court accept his PSIR calculations reducing his Offense Level to 10, which would provide a guideline imprisonment range of 6 - 12 months, which would be in Zone B. Since this is a Class D felony, this would allow for probation subject to a combination of conditions for community confinement, home detention, or intermittent confinement.

8. Eugene Lee Dozier intends to call character witnesses that he believes would support his request for probation in Zone B, or in the alternative a Zone C sentence that would include a sentence of imprisonment with supervised release substituting community confinement or home detention. Dozier intends to call his father, Glenn Dozier, to discuss his childhood up bringing; his sister, Angela Cochise, to talk about his character; Brian Dozier, to discuss his work ethic; William Dozier, to discuss his generosity and kindness; and Clinton Long who can discuss his 23 ½ years of driving a truck.

9. Finally, should the Court determine that Dozier needs to serve time in prison, even partial imprisonment, Dozier and counsel request that based upon his being under government supervision beginning two weeks after these charges were initially filed on September 11, 2021, and his stability in the community, that he be allowed to self-report to any designated Bureau of Prison institution to begin his sentence of imprisonment. Further he requests that, if imprisonment is necessary, that Texarkana, Texas or Forest City, Arkansas be considered.

Dated November 21, 2023

*s/ Roger Hilfiger*
Roger Hilfiger OBA # 4198
Attorney at Law
620 West Broadway
P.O. Box 0791
Muskogee, OK 74402-0791
E-mail - rogeratty@cookhilfiger.com

## CERTIFICATE OF SERVICE AND ELECTRONIC SUBMISSION

I hereby certify on November 21, 2023, a PDF formatted version of the foregoing was electronically delivered to the Clerk for consideration to filed under seal with the Eastern District of Oklahoma via CM/ECF - Document Filing System, to which any necessary privacy redactions have been made.

*s/ Roger Hilfiger*
