IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. EUGENE LEE DOZIER *Defendant.* | Case No. CR-21-311-BMJ |

### UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through United States Attorney Christopher J. Wilson, and Assistant United States Attorney Jarrod Leaman, and responds to Defendant's sentencing memorandum and objection to PSR (Doc. No. 97). The United States asserts the PSR correctly calculates Defendant's sentencing guidelines and requests this Court sentence to a guideline sentence. PSR ¶ 78.

### I.     Background

The facts and circumstances of the offense conduct are not in dispute and are well set out in the PSR. In summary, Defendant engaged in the business of selling firearms without a license. As part of law enforcement's investigation into the matter, Defendant sold a handgun to a person Defendant knew resided out of state in violation of 18 U.S.C. § 922(a)(5). Pursuant to the plea agreement, this out-of-state sale represents the count of conviction.

**II.     The PSR correctly adds four points to the calculation under USSG §2K2.1(b)(1)(B)**

The PSR adds four points, from USSG §2K2.1(b)(1)(B), to Defendant's calculation for Dozier illegally transferring or possessing eight to 24 firearms. PSR ¶ 43. Defendant objects to this enhancement by arguing Application Note 5 limits the enhancement to firearms unlawfully distributed. (Doc. No. 97 p. 2). Defendant fails, however, to address the other firearms Defendant unlawfully possessed—which also triggers the enhancement. Between June 30, 2021 and September 2, 2021, Defendant, at a minimum, unlawfully transferred three firearms (PSR ¶ 25, 32, & 34) and unlawfully possessed seven additional firearms. PSR ¶ 37. Defendant further admitted to selling between 10-15 homemade firearms prior to this period. PSR § 36.

Defendant's argument further fails to account for relevant conduct under USSG §1B1.3(a)(2): acts and omissions that were part of the same course of conduct, common scheme, or plan. This applies when an offense "groups" with other offense committed by Defendant under USSG §3D1.2(d). Here, the offense of conviction, 18 U.S.C. § 922(a)(5), corresponds with USSG §2K2.1. PSR ¶ 42. USSG §2K2.1 is a groupable offense under USSG §3D1.2(d). *United States v. Brown*, __F.4th__ (10th Cir. 2023), 2023 U.S. App. LEXIS 29605, * 7.

In a five-week period, Defendant unlawfully transferred three firearms by engaging in the business of dealing firearms without a license and unlawfully possessed seven additional firearms. The PSR correctly applies the four-point enhancement under §2K2.1(b)(1)(B).

**III.    USSG §4C1.1 does not apply to Defendant in this case.**

In Defendant's supplemental sentencing memorandum, Doc. No. 98, Defendant asks this Court to subtract two levels from the PSR's guideline calculation. On its face, Defendant's position must fail because §4C1.1 does not apply if the defendant possessed or transferred a firearm in connection with the offense. USSG §4C1.1(7). Here, Defendant pleaded guilty to unlawfully

transferring a firearm and §4C1.1 cannot apply.

## IV. Conclusion

WHEREFORE, the United States submits the PSR properly calculates Defendant's guideline range and moves this Court to sentence Defendant to a guideline sentence.

        Respectfully submitted,

        CHRISTOPHER J. WILSON
        United States Attorney

s/    Jarrod Leaman
        JARROD LEAMAN, OBA # 22623
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this November 24, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Roger Hilfiger, Attorney for Defendant.

        s/  Jarrod Leaman
           JARROD LEAMAN
           Assistant United States Attorney